## McCaskey *v.* Gantt Brothers, *et al.*

### *Injury to Servant.*

(Decided December 16, 1913. Rehearing denied February 5, 1914. 64 South. 316.)

1. *Master and Servant; Injury to Servant; Evidence; Instructions.*—Where the action was by a slab tripper for injuries from being struck by a slab, and knocked against a saw in a sawmill, and there was evidence that the accident was due to the negligence of the sawyer of the defendants, it was error to instruct the jury affirmatively for the defendant, notwithstanding it conclusively appeared that plaintiff was guilty of prior contributory negligence; it being for the jury under all the evidence to determine whether plaintiff was guilty of any negligence subsequent to or concurrent with the sawyer's negligence.

2. *Partnersihp; Evidence; Declaration of Partner.*—Where the action was against a partnership for personal injury, and the existence of the partnership was established, and the only issue in relation thereto was whether the firm or one member thereof only owned or operated a mill, declarations of the partners as to the nature of their holdings were admissible although not made in the presence of each other.

(Mayfield, J., dissents.)

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by James L. McCaskey, by next friend, against Gantt Bros., and the individuals composing the firm. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

[McCaskey v. Gantt Brothers, et al.]

The complaint in count 1 alleges the existence of the partnership setting out the different individuals composing the same, and that plaintiff was in the employ at the time of said partnership in and about a sawmill owned by the partnership, and that there was a defect in the condition of the ways, works, machinery, etc., in that there was a hole in the floor of said sawmill, and that, while he was engaged in and about the duties of the employment in working in said sawmill, he stumbled or fell into said hole, and thereby fell or was thrown against a saw which was operated as a part of the machinery in said mill, and was injured, the complaint setting out the injuries in full, and that his injuries were proximately caused by reason of the defect pointed out. The second counts on the negligent failure of the partnership to provide plaintiff with a reasonably safe place for him to perform the duties of his employment, alleging the same fact as the first count. The third count alleges the same fact as the first count, except that it avers that he was struck by a piece of board or lumber, and was knocked into the hole, and was thereby thrown against the saw, and the negligence alleged is failure to provide a reasonably safe place to work. The fourth counts states the facts as in count 3, and alleges the proximate cause to be the negligence of the defendant H. D. Gantt, who was at the time a member of said partnership. Count 5 alleges the same facts as the other counts, with the further allegation that, while employed in and about his duties in said sawmill, one Peter Sims, who was in the employ of defendant partnership, and who was a fellow servant of plaintiff, was negligent in and about the performance of his duties while acting within the scope of his performance, and as a proximate result thereof plaintiff was struck by a piece of timber or lumber and fell or stumbled into

a hole, and from thence against a saw. The third plea is as follows: "Plaintiff was employed in said saw-mill as a slab tripper, and as such slab tripper it was his duty to trip the slabs as they were sawn from logs and clear the slabs from the log carriage, and to shove the slabs along the slab runs so as to be free from con-tact with the carriage; but the plaintiff failed to per-form his said duties at the time of the alleged injury, in that he failed to clear a slab that had just been cut from a log on the carriage, whereby one end of the slab caught against the head block of the carriage, causing the slab to be shoved or drawn back towards plaintiff, whereby the free end of the slab struck plaintiff as a proximate consequence of which he jumped or fell, or was thrown, against the circular saw of the mill." It appears that plaintiff was working as a slab tripper in a sawmill operated either by the partnership or by H. D. Gantt, and that H. D. Gantt was the sawyer at the time; that when plaintiff tripped a slab off the car-riage, carriage was reversed by the sawyer and went back to the saw; that on this occasion plaintiff had tripped a slab from the log carriage onto the slab rol-lers, and the carriage had been reversed and started back, when the head block caught the slab, causing it to strike plaintiff, and knock him against the circular saw while in motion.

WILLIAM S. ANDERSON, and BOYLES & KOHN, for ap-pellant. Counsel discuss the errors assigned with the insistence that it was the duty of the sawyer not to start the carriage back until he saw that the slab was out of the way, and that nothing was on the track, and that he was guilty of subsequent negligence in doing so. They cite no authority in support of their contention.

JOHN E. MITCHELL, for appellee. If Gantt Brothers were not operating a mill, the defendants were entitled to the general charge.—*Johnson v. Whitfield*, 124 Ala. 517. There was no evidence tending to show that the sawyer was negligent, and therefore, defendants were entitled to the general charge.

ANDERSON, J.—There can be no doubt but what the plaintiff was guilty of negligence in the discharge of his duty as slab tripper, such as would preclude him from recovering in this case, but for the fact that there was sufficient evidence from which the jury could reasonably infer that the sawyer, H. D. Gantt, was guilty of subsequent negligence which proximately caused the plaintiff's injury. The plaintiff did not clear the carriage by properly removing the slab and safely placing it upon the roller, as it was his duty to do, but placed it in such a way as to cause the end, or "feather edge" to overlap and come in contact with the headblock of the carriage after it was reversed and was returning. It seems that after so placing the slab, the plaintiff stepped back a few feet for some purpose, and that he was immediately struck by the slab, which knocked him or caused him to fall against the pulleys and saw, and that the slab was knocked against him as the result of a collision between it and the headblock of the carriage. There was evidence that it was the duty of the slab tripper to clear the carriage as soon as the slab was freed from the stock, but there was evidence that it was also the duty of the sawyer to know that the carriageway was clear before reversing same. Therefore, while the plaintiff was guilty of negligence as to the manner of tripping the slab, and did not properly place it upon the roller, yet there was evidence that the sawyer could have seen and ascertained that the slab, or

one end of it, extended so far over the roller as to come in contact with the carriage, and that it was his duty to do this before reversing the carriage. If it was the duty of the sawyer to see that the carriage was clear before reversing same, the jury could infer that the sawyer negligently failed to discharge said duty, and that this neglect on his part was subsequent to the negligence of the plaintiff. While the proof conclusively shows that the plaintiff was guilty of negligence, it was open for the jury to find that the sawyer was guilty of negligence subsequent thereto, and whether or not the plaintiff was guilty of any negligence concurrent with or subsequent to the negligence of said sawyer, and these last facts should have been submitted to the jury notwithstanding the defendants' special pleas. The trial court erred in giving the general charge for the defendants as to the entire complaint.

Nor are we impressed with the suggestion that the defendants were entitled to the general charge, upon the idea that the mill was owned and operated by H. D. Gantt alone, and not by the firm of which he was a member. The existence of a partnership was established beyond dispute; the only issue in this respect being as to whether or not said firm, or said H. D. Gantt alone, owned or operated the sawmill. The partnership having been established, the acts and declarations of the partners, whether made in the presence of each other or not, as to the nature and extent of their holdings, business, conduct, etc., was admissible. These declarations may have been of slight probative force when measured against the evidence of the defendants, yet it was for the jury to determine whether or not the mill was being operated by the firm when the plaintiff was injured. Moreover, there was no objection to this evidence when it was brought out in the trial court.

The evidence, however, was legal.—5 Mayfield's Digest, p. 740, § 12.

As we view this case, the plaintiff was guilty of negligence, and cannot recover unless the defendant H. D. Gantt was guilty of subsequent negligence, and which last inquiry is not covered by the defendants' special pleas, except, perhaps, as to whether or not the negligence there set up was or was not the proximate cause of the injury. It is sufficient to say that plea 3 would be good with the word "negligently" supplied as a defense to initial negligence, but would not bar a recovery unless the negligence there set up, instead of the subsequent negligence of H. D. Gantt, was the proximate cause of the injury. The other special pleas, whether good or bad, can serve no good purpose upon the next trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except MAYFIELD, J., dissenting.

